# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOEY M. GALLEGOS,

       Plaintiff,

v.                                         CV 17-CV-27-MV/SCY

LAS LOMAS APARTMENTS LIMITED
PARTNERSHIP, a New Mexico Limited
Partnership,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss for Failure to State a

Claim filed by Las Lomas Apartments Limited Partnership ("Las Lomas"). [Doc. 5]. The Court,

having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds

that the Motion is well-taken and will be granted.

## BACKGROUND

On October 24, 2013, during the course of his duties as a New Mexico State Police

trooper, Plaintiff Joey M. Gallegos went to the Las Lomas Apartments, Apartment No. 323 (the

"Apartment"), in order to execute a warrant against Rogelio Cisneros-Chavez. [Doc. 1-2, ¶ 3].

While in the performance of his duties, Plaintiff was shot and seriously and critically wounded

by Mr. Cisneros-Chavez. Id.

The Apartment was leased to Angelica Romero, Mr. Cisneros-Chavez's mother. *Id.*, ¶ 4.

Defendant Las Lomas, through its management, was aware that Mr. Cisneros-Chavez was not an

authorized resident of the Los Lomas Apartments, and was also aware of his frequency on the

premises, his residency there, and of his violent nature and criminal record. *Id.*, ¶ 5. Defendant

had previously removed him from the premises. *Id*

Based on the October 24, 2013 incident, on October 23, 2016, Plaintiff filed suit against Defendant in the First Judicial District Court, County of Sandoval, State of New Mexico. [Doc. 1-2]. On January 11, 2017, Defendant removed the case to federal court based on diversity of citizenship. [Doc. 1].

In the Complaint, Plaintiff alleges that Defendant negligently failed to keep its premises safe for his use in the performance of his duties as a New Mexico State Police trooper, and as a result, he was shot and wounded by Mr. Cisneros-Chavez while trying to execute the warrant against him. Specifically, the Complaint alleges that Defendant breached its duty of care by: (a) permitting Mr. Cisneros-Chavez to come on the premises; (b) not removing him from the premises; (c) permitting Ms. Romero and others to continue to inhabit the Apartment in spite of the danger their presence on the premises presented to others because of the use of the Apartment by a known violent criminal; and (d) failing to provide adequate security to monitor the premises at all times and keep dangerous persons, and especially Mr. Cisneros-Chavez, off the premises. Id. at ¶ 6.

On January 20, 2017, Defendant filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 5]. Defendant opposes the motion. [Doc. 11].

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, the Court

must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox* 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). The Tenth Circuit has explained,

> "[p]lausibility" in this context must refer to the scope of the allegations in a complaint: If they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not speculatively) has a claim for relief.

*Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

On the instant motion, Defendant asserts that Plaintiff's claim is barred by the "firefighter's rule." Plaintiff disagrees, arguing that the firefighter's rule is inapplicable because he is a police officer, not a firefighter, and because he was not acting as a rescuer when he was injured. As set forth herein, the Court agrees that the firefighter's rule applies here, and that Plaintiff's Complaint is legally insufficient to state a claim under that rule.

**A.    New Mexico Has Adopted the Firefighter's Rule.**

The "firefighter's rule bars a firefighter, and possibly other professional rescuers, from suing the party whose actions caused the event to which the firefighter responded." *Baldonado v. El Paso Nat. Gas Co.*, 176 P.3d 277, 280 (N.M. 2008). The need for a firefighter's rule arose from the existence of the "rescue doctrine," which prevents "a rescuer from being barred from recovery because of a finding that the rescuer was contributorily negligent for the injuries he or she received in rescuing a victim." *Id.* at 281. "Because there is no general duty to rescue, the rescue doctrine imposes a duty of care owed to rescuers." *Id.* Where, however, "the rescuer has a duty to rescue – as is the case with firefighters – the underlying rationale for imposing a duty on the public changes, and the doctrine must change along with the policy." *Id.* This is where the firefighter's rule comes in: the firefighter's rule limits the "exception to traditional tort duties" created by the rescue doctrine. *Id.*

In *Baldonado*, the New Mexico Supreme Court adopted "a two-prong test" for determining whether the firefighter's rule applies. *Id.* Under New Mexico's test, "the person creating a peril owes a professional rescuer no duty if the rescuer's injury (1) was derived from the negligence that occasioned the rescuer's response; or (2) was derived from the reckless

conduct that occasioned the rescuer's response and was within the scope of risks inherent in the rescuer's professional duties." *Id.* Because this rule thus allows recovery only "for actions that derive from reckless or intentional behavior," "a legally sufficient complaint must allege that Defendant acted recklessly or intentionally." *Id.* at 281-82. Further, if a plaintiff alleges that a defendant's behavior was reckless, rather than intentional, a legally sufficient complaint must further allege that the plaintiff's "injuries exceeded the normal scope of injuries inherent to [his] profession." *Id.* at 282.

**B.      The Firefighter's Rule Applies to Police Officers Acting in the Line of Duty.**

Plaintiff argues that Defendant's Motion to Dismiss must be denied because he was not acting as a "rescuer" on the date in question when he was injured, and that "[n]o New Mexico case has applied the firefighter's rule to the law enforcement officers serving a warrant." [Doc. 11 at 2]. Admittedly, New Mexico courts have not explicitly addressed whether the firefighter's rule extends to law enforcement officers. Every other state, however, that recognizes the firefighter's rule has extended the rule to law enforcement personnel, and to such personnel acting in the line of duty, rather than acting in a rescue capacity.

Indeed, in *Fordham v. Oldroyd*, a case upon which the New Mexico Supreme Court relied in part in adopting its own version of the firefighter's rule, involved a highway patrol trooper injured in the line of duty. 171 P.3d 411 (Utah 2007) (holding that plaintiff's injuries suffered when responding to scene of a car accident were within scope of risks inherent to a highway patrol trooper's duties and derived from alleged negligence requiring his presence, and thus firefighter rule barred plaintiff as a matter of law from recovering damages for injuries sustained). Similarly, in *Hodges v. Yarian*, a California appellate court, applying the firefighter's rule, rejected a claim by a sheriff's deputy who was injured when he tried to apprehend an

intruder at the apartment complex where he lived.  The off-duty deputy, who saw signs of a

break-in in a garage, retrieved a revolver from his car, entered the garage and confronted the

intruder.  53 Cal. App. 4th 973, 977 (Cal. Ct. App. 1997).   A struggle ensued, during which the

deputy was injured and the intruder was shot and killed.  *Id.*  The deputy subsequently sued the

owners and managers of the apartment building, alleging negligent failure to address certain

security and maintenance problems in the building.  *Id.* at 977-78.  The trial court granted the

defendants' motion for summary judgment, and the deputy appealed.  *Id.* at 978.  In affirming the

trial court's decision, the California's First District Court of Appeal concluded that the deputy's

claim was barred by the firefighter's rule.  *Id.* at 977.  The appellate court stated:

> It cannot be gainsaid that a peace officer is not similarly situated to an ordinary
> tenant when it comes to handling the type of risk Hodges confronted.  An
> ordinary tenant is neither trained nor under any duty to apprehend a criminal
> suspect.  Those are precisely the types of "public functions" the taxpayers expect,
> pay, and equip California peace officers to perform.  When a peace officer
> assumes responsibility for performing such functions and is injured in the process,
> his or her recourse is in the system of "special public benefits" established to
> compensate the officer for such injuries.

*Id.* at 984-85 (citation omitted).

Other courts are in accord.  *See, e.g., Orozco v. County of Yolo*, 814 F. Supp. 885, 897-98

(E.D. Cal. 1993) (holding that firefighter's rule barred police officer's claim for injuries

sustained when he was shot by a drug suspect during execution of a search warrant, explaining

that plaintiff was injured by a criminal act, namely, being shot by a drug suspect, that was not

independent of the reason he was called to the scene, namely, to execute a drug search warrant);

*White  v. State*, 202 P.3d 507, 510 (Ariz. Ct. App. 2008) (citations omitted) ("Consistent with . . .

the approach taken by a majority of courts from other jurisdictions, we hold that the firefighter's

rule in Arizona applies to police officers."); *Furstein v. Hill*, 590 A.2d 939, 943 (Conn. 2004)

("Having reviewed the history and policy issues underlying the rule, we similarly conclude that

the rule applies to police officers as well as firefighters."); *Kreski v. Modern Wholesale Elec. Supply Co.*, 415 N.W.2d 178, 183 n. 6 (Mich. 1987) ("The fireman's rule is actually misnamed. Many of the cases discussing the rule present situations where police officers were injured in the line of duty. No state adopting the fireman's rule has declined to apply it to police officers.") (abrogated by statute as recognized by *Lego v. Liss*, 874 N.W.2d 684, n. 4 (Mich. 2016)); *see also Flowers v. Rock Creek Terrace*, 520 A.2d 361 (Md. 1987); *Berko v. Freda*, 459 A.2d 663 (N.J. 1983); *Moody v. Delta W., Inc.*, 38 P.3d 1139 (Alaska 2002); *Thomas v. Pang*, 811 P.2d 821 (Haw. 1991); *Winn v. Frasher*, 777 P.2d 722 (Idaho 1989). Based on the prevailing weight of authority, the Court concludes that the New Mexico firefighter's rule extends to law enforcement officers acting in the line of duty.

## C. The Complaint Fails to Allege Facts Sufficient to State a Plausible Claim for Relief.

Because the firefighter's rule applies here, in order for Plaintiff to state a plausible claim for relief, he must allege facts that, taken as true, establish that Defendant acted intentionally or recklessly. *Baldonado*, 176 P.3d at 281. Plaintiff's Complaint contains no such allegations. To the contrary, Plaintiff alleges that Defendant *negligently* failed to keep its premises safe for his use in the performance of his duties as a New Mexico State Police trooper, and as a result, he was shot and wounded by Mr. Cisneros-Chavez while trying to execute the warrant against him. Specifically, the Complaint alleges that Defendant breached its duty of care by: (a) permitting Mr. Cisneros-Chavez to come on the premises; (b) not removing him from the premises; (c) permitting Ms. Romero and others to continue to inhabit the Apartment in spite of the danger their presence on the premises presented to others because of the use of the apartment by a known violent criminal; and (d) failing to provide adequate security to monitor the premises at all times and keep dangerous persons, and especially Mr. Cisneros-Chavez, off the premises.

Doc. 1-2 at ¶ 6. Further, it is clear from the allegations in the Complaint that Plaintiff – in the course of his duties as a sheriff's deputy – was searching for Mr. Cisneros-Chavez, in order to arrest him. Id. at ¶ 3. Accordingly, Plaintiff's allegations, if proven, would fail to establish that his injury was derived from anything other than "the negligence that occasioned Plaintiff's [presence]" at the Apartment. *Baldonado*, 176 P.3d at 281.

The Court acknowledges that the Complaint includes the following statement: "The conduct of Defendant was willful, reckless, and wanton, thereby justifying an award of punitive damages against Defendant both to punish it for its conduct and to deter other apartment complexes from similar conduct." *Id.*, ¶ 8. The Complaint, however, fails to allege any facts to support this conclusory statement. *See Ashbal*, 556 U.S at 678. This conclusory and unsupported statement alone is insufficient to allege that Defendant's behavior was reckless. Further, Plaintiff fails to allege that his "injuries exceeded the normal scope of injuries inherent to [his] profession." *Baldanodo*, 176 P.3d at 282. Specifically, the risk of being shot by a suspect when executing a warrant is inherent to the duties of a police officer. Accordingly, based on the firefighter's rule, the Court finds that the Complaint fails to state a plausible claim for relief.

**D.      Defendant's "Request" for Costs and Attorney Fees**

Arguing there was no good faith basis for Plaintiff's claim, Defendant requests that the Court award defense costs and attorney fees against the Plaintiff. Pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.1, Defendant is entitled, upon proper motion, to an award of costs. Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Local Rule 54.5, Defendant may also file a motion for attorney fees. If Defendant wishes to pursue costs and fees, Defendant must file, within 30 days of entry

of this Memorandum Opinion and Order, a motion with "supporting brief and evidence (affidavits and time records)" that complies with the application statute, federal rules, and local rules. D.N.M. LR-Civ. 54.5.

### Conclusion

Under the firefighter's rule, Plaintiff has failed to allege claims legally sufficient to allow him to recover against Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. 5] is **GRANTED,** as follows:  Plaintiff's Complaint is dismissed with prejudice.


DATED this 28th day of August, 2018.

_____
MARTHA VAZQUEZ
United States District Judge